IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| PAUL RICHARD BUTTS | § | |
| VS. | § | CIVIL ACTION NO. 1:12cv114 |
| RICARDO MARTINEZ | § | |

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Paul Richard Butts, a federal prisoner formerly at the Federal Correctional Complex in Beaumont, Texas, brought the above-styled lawsuit.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends granting the defendant's motion to dismiss. Accordingly, the action should be dismissed.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record and pleadings. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes plaintiff's objections are without merit. The Supreme Court has cautioned against extending *Bivens* to new contexts as in this case. *See Hernandez v. Mesa (Hernandez II)*, __ U.S. __, 140 S. Ct. 735, 744, 206 L.Ed.2d 29 (2020). "In fact, the Supreme Court has gone so far as to say that extending *Bivens* to new contexts is a disfavored judicial activity." *Byrd v. Lamb*, __ F.3d __, 2021 WL 871199 (5th Cir. Mar. 9, 2021)

(internal citations omitted) (declining to extend *Bivens* to excessive force or unlawful detention claims).  As set forth in the Report, plaintiff's claims do not arise in one of the three limited situations to which the Fifth Circuit has held *Bivens* generally applies, and *Bivens* should not be extended to his claims.  *See Oliva v. Nivar*, 973 F.3d 438, 441-42 (5th Cir. 2020).  The Supreme Court has "not found an implied damages remedy under the Free Exercise Clause" and has "declined to extend *Bivens* to a claim sounding in the First Amendment." *Ashcroft v. Iqbal*, 556 U.S. 662, 675, 129 S. Ct. 1937, 1948, 173 L.Ed.2d 868 (2009).

Further, as set forth in the Report, special factors caution against extending *Bivens* to plaintiff's claims.  Recent decisions have confirmed this hesitation to extend *Bivens* to prisoner First Amendment claims.  "The only relevant threshold - that a factor 'counsels hesitation' - is remarkably low." *Canada v. United States*, 950 F.3d 299, 309 (5th Cir. 2020) (quoting *Hernandez v. Mesa*, 885 F.3d 811, 822 (2018)).  "Congress paid close attention to inmate constitutional claims when it enacted the Prison Litigation Reform Act of 1995." *Callahan v. Fed. Bureau of Prisons*, 965 F.3d at 520, 524 (6th Cir. 2020).  The failure of Congress to provide a standalone damages remedy against federal jailers in the Act  "suggests a considered decision not to extend a damages remedy to First Amendment violations." *Id.; see also Earle v. Shreves,* ___ F.3d ___, 2021 WL 896399 at *4-5 (4th Cir. Mar. 10, 2021) (noting special factors counseled hesitation in extending *Bivens* to prisoner First Amendment claim).  Thus, plaintiff lacks a cause of action.  Accordingly, the defendant's motion to dismiss should be granted and plaintiff's remaining claims should be dismissed.

O R D E R

Accordingly, plaintiff's objections are **OVERRULED**.  The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**.  It is therefore

**ORDERED** that the defendant's motion to dismiss is **GRANTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

**SIGNED** this the 18 day of **March, 2021.**

_____
Thad Heartfield
United States District Judge